Opinion
THE COURT.*
Appellant was tried and convicted in a jury trial of violating Vehicle Code section 8803 and Vehicle Code section 31. He has appealed the judgment contending insufficiency of the evidence on both counts and abuse of discretion in denial of a continuance in order that appellant could obtain alternate counsel, defense counsel considering himself an essential witness in his client’s behalf.
I
Vehicle Code section 8803 reads as follows: “Whenever the department [of Motor Vehicles] cancels, suspends, or revokes the license of a dealer, manufacturer, transporter, dismantler, or salesman, the licensee or person in possession shall immediately return the license, documents, plates, certificates and other evidence of license to the department.”
*Supp. 4 As far as we have been able to determine this statute has not been considered in any reported case. Therefore, we construe the statute under established rules which require it to be given a reasonably common sense construction. (49er Chevrolet v. New Motor Vehicle Bd. (1978) 84 Cal.App.3d 84, 90 [148 Cal.Rptr. 236].)
We read the statute to place an affirmative duty upon either the suspended licensee or any person in possession of evidence of licensure to return such evidence to the Department of Motor Vehicles (DMV). We reject appellant’s argument that “person in possession “should be read to exclude therefrom an employee of a licensee. Defendant had possession of 43 dealer license plates because he had a key to the locked desk wherein those plates were found. The pleading was sufficient to give appellant notice of the charge against him.
Whether the return of such evidence is sufficiently “immediate” is a question of fact for the trier of fact to determine and will not be disturbed where there is substantial evidence to support the judgment. (See Integrated, Inc. v. Alec Fergusson Electrical Contractor (1967) 250 Cal.App.2d 287, 295 [58 Cal.Rptr. 503].) Whether a person is in possession of an object is dependent upon the presence of dominion and control over the object. (People v. Redrick (1961) 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255].) We note the trial court instructed the jury consistent with this definition. (CALJIC No. 1.24.)
Our task is to determine from the record whether there is substantial evidence of the elements of the offenses. There is uncontroverted evidence of possession on the date the search warrant was executed by virtue of the presence of dealer’s license plates in defendant’s desk, opened with defendant’s key. There is also evidence that despite initial cooperation, defendant denied he had a key to a second desk in which more dealer’s license plates were found until advised it could be forced open, whereupon he produced the key from his pocket. Defendant also advised DMV investigators of his substantial responsibility for the inventory and maintenance of license plates. In addition a prosecution witness testified that he had observed defendant in possession of dealer plates over a span of time.
With direct evidence of possession on July 18, 1978, and circumstantial evidence of possession on July 14, the circumstances of the instant case reasonably justify the findings of the triers of fact. There is substantial *Supp. 5 evidence to support the judgment. (People v. Ontiveros (1975) 46 Cal.App.3d 110, 116-117 [120 Cal.Rptr. 28].)
II
Vehicle Code section 31 provides: “No person shall give, either orally or in writing, information to a peace officer while in the performance of his duties under the provisions of this code when such person knows that the information is false.”
When asked, on July 14, 1978, about the presence of dealer plates, defendant stated, “You have all there is, there is no more.” and denied any dealer plates were in his desk. We may reasonably conclude that the jury found sufficient circumstantial evidence that defendant knew these statements were false by the testimony presented regarding defendant’s responsibilities and degree of knowledge and the fact that he had possession on July 18, 1978.
The trial court did not abuse its discretion in denying, a continuance to obtain alternate counsel. The motion was made at a time when the People were presenting their case and was not renewed during the presentation of defendant’s case, either with or without a showing of efforts to obtain other counsel in the intervening period. Under the circumstances of the instant case the interests of the accused did not require the testimony of counsel which would have been at most peripheral. (Pen. Code, § 1050; see Comden v. Superior Court (1978) 20 Cal.3d 906 [145 Cal.Rptr. 9, 576 P.2d 971]; People v. Laursen (1972) 8 Cal.3d, 203-204 [104 Cal.Rptr. 425, 501 P.2d 1145], cert. den. 412 U.S. 915 [37 L.Ed.2d 142, 93 S.Ct. 2738]; People v. Smith (1970) 13 Cal.App.3d 897, 909 [91 Cal.Rptr. 786, 52 A.L.R.3d 875].)
The judgment is affirmed.

 Before Cole, P. J., Dowds, J., and Saeta, J.